UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

Case No: 22-532

Acuity, A Mutual Insurance Company,
as subrogee of David Heiden,

    Plaintiff,

v.

United States of America,

    Defendant.

## COMPLAINT

Plaintiff, Acuity, A Mutual Insurance Company, as subrogee of David Heiden, by and through its undersigned attorneys, for its Complaint against Defendant United States of America, states and alleges as follows:

### PARTIES AND JURISDICTION

1.    Plaintiff, Acuity, A Mutual Insurance Company, as subrogee of David Heiden (hereinafter "Acuity"), is an insurance company with a principal place of business in Sheboygan, Wisconsin. At all relevant times, Acuity was licensed to transact business and issue insurance in Wisconsin.

2.    Defendant United States of America is the governing entity that operates and oversees the United States Postal Service. In this case, the United States acted through its officers, employees, and/or agents, the United States Postal Service.

3. This Court has proper jurisdiction in this matter in that this action is premised upon federal causes of action under the Federal Tort Claims Act (hereinafter "FTCA") 39 U.S.C. § 409(c).

4. Venue is proper in this District under 39 U.S. Code § 409(b) as the circumstances giving rise to this action took place in in Holmen, Wisconsin which sits in the Western District of Wisconsin.

## ALLEGATIONS

5. On August 14, 2021, Bjorn Broten, in his role has employee of the United States Postal Service, was driving a United States Postal Service Truck northbound on Blackwelder Place in Holmen, Wisconsin.

6. At the same time and place, David J. Heiden was operating a Mercedes Benz Metris insured by Acuity eastbound on State Road 35 in Holmen, Wisconsin.

7. The United States Postal Service Truck's lane of travel was controlled by a stop sign.

8. Mr. Heiden's lane of travel was not controlled by any applicable traffic control device.

9. The United States Postal Service Truck was operated recklessly, carelessly, and negligently including, but not limiting to, failing to adhere to its applicable traffic control device controlling its lane of travel.

10. As a result of the United States Postal Service Truck's negligence, the United States Postal Service Truck struck the Mercedes Benz Metris insured by Acuity.

11. As a direct and proximate cause of the United States Postal Service Truck's negligence, the Mercedes Benz Metris insured by Acuity sustained property damage.

12. As a direct and proximate cause of the United States Postal Service Truck's negligence, the occupants of the Mercedes Benz Metris insured by Acuity sustained personal injuries.

13. Pursuant to its contract of insurance with Mr. Heiden, Acuity issued payments to repair the Mercedes Benz Metris in the total amount of $18,745.24.

14. Pursuant to its contract of insurance with Mr. Heiden, Acuity issued medical payments in the total amount of $1,820.00.

15. Acuity issued the payments outlined in ¶¶ 13-14 herein to and on behalf of its insured; therefore, is subrogated to the fully extent of such payment made.

16. In March of 2022, Acuity, through its undersigned counsel issued a demand letter to the United States Postal Service outlining the damages referenced in ¶ 13 herein.

17. In April of 2022, the United States Postal Service issued a denial letter outlining the reconsideration process under 39 C.F.R. 919.9(b) and 28 U.S.C. § 2401(b).

18. In May of 2022, Acuity, through its undersigned counsel, issued a reconsideration demand outlining the damages referenced in ¶¶ 13-14 herein.

19. In June of 2022, the United States Postal Service issued a final denial of Acuity's reconsideration request.

20. Throughout the course of communications between Acuity, its counsel, and representatives from the United States Postal Service set forth in ¶¶ 16-19 herein, the

United States Postal Service has represented it does not owe any taxes for the damages incurred by Acuity pursuant to the United States Constitution.

21.     Acuity, through its counsel, has consistently requested authority, be it statutes, guidelines, texts, or other documentation, regarding the United States Postal Service's representations about its refusal to pay the taxes incurred as a result of its negligence and the United States Postal Service has ignored these requests.

## COUNT I
## NEGLIGENCE AGAINST THE UNITED STATES OF AMERICA

22.     Acuity restates and incorporates by reference paragraphs 1 – 20 of this Complaint.

23.     Defendant United States of America has a duty of care in operating its motor vehicles in the course and scope of their services to the United States.

24.     Defendant United States of America breached its applicable duty of care when the United States Postal Service truck was operated in a negligent and careless manner, including, but not limited to, running a stop sign on August 14, 2021.

25.     As a direct and proximate cause of the United States of America's negligence, the United States of America inflicted both property and personal injury damages to Acuity's insured.

26.     Pursuant to its contract of insurance with its insured, Acuity issued payments in the total amount of $20,565.24 and is hereby subrogated to the full extent of payment made.

## PRAYER FOR RELIEF

Wherefore, Acuity prays for the following relief:

27. Judgment against Defendant United States of America in the total amount of $20,565.24;

28. Costs and disbursements incurred herein;

29. Attorney fees as allowed pursuant to 28 U.S.C. § 2678;

30. Any further relief the Court deems just and equitable.

ACUITY HEREBY DEMANDS A JURY TRIAL IN THIS ACTION.

**KLEHR & MULLIGAN, PLLC**

Dated: September 16, 2022

s/ Hugh E. Mulligan
Hugh E. Mulligan (#0397601)
Attorney for Plaintiff Acuity, A Mutual Insurance Company
5666 Lincoln Drive, Suite 290
Edina, MN 55436
(952) 395-4450
hmulligan@klehrlaw.com